COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

THURMAN EVANS

v.   Record No. 1918-94-3                      MEMORANDUM OPINION[*]
                                                   PER CURIAM
YMCA OF CENTRAL VIRGINIA                          MAY 2, 1995
AND
AETNA CASUALTY AND SURETY COMPANY


                            FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (James B. Feinman; Cary P. Moseley, on briefs), for
          appellant.

          (Christopher M. Kite; Monica L. Taylor; Gentry, Locke,
          Rakes & Moore, on brief), for appellees.


     Thurman Evans contends that the Workers' Compensation

Commission erred in (1) finding that he failed to prove that he

sustained an injury by accident arising out of and in the course

of his employment on March 7, 1993; (2) considering hearsay

evidence to impeach his testimony; and (3) disregarding the

testimony of James McFarland.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry his burden of proving an 'injury by accident,' a

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Evans' evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Evans was employed by the YMCA as a supervisor custodian. He testified that on March 7, 1993 at approximately 2:00 p.m., as he twisted to lift a shovel full of snow and ice, he felt a sharp pain in his back and leg. Prior to this time, he had shoveled snow for approximately two and one-half hours. Evans testified that, after he felt the pain, he tried to continue shoveling, but could not. Evans stated that, the day after the accident, he told his supervisor, Chris Windom, about the pain and numbness in his foot.

In the March 9, 1993 accident report completed by Evans, he did not report that he felt a sharp pain in his back while he was lifting a shovel full of snow. Instead, he wrote that he was shoveling snow and had to stop and hold his back, and that he did not realize he was hurt until a few days later. The First Report of Accident completed by Evans reflects that he hurt himself shoveling snow from 11:15 a.m. to 2:30 p.m.

When Evans received medical treatment on March 19, 1993 at

2

the Physicians Treatment Center, he reported that he had been working overtime shoveling snow. On April 8, 1993, when Evans was examined at the VA Hospital, he did not report that he hurt himself while shoveling snow. On the medical information sheets that Evans completed when he initially saw Drs. McCrary and Wallace, Evans wrote that the accident occurred at 11:15 a.m. to 2:30 p.m. Dr. McCrary's office notes reflect that Evans gave a history of shoveling snow and developing numbness and lower back pain after about three hours. Dr. Wallace reported that Evans told him that he developed leg numbness and back pain while shoveling snow.

Susan Landergan, the general director for the YMCA, testified that Evans told her on April 8 or 9, 1993, that he had been to the VA Hospital for back pain. However, Evans did not mention anything to Landergan about the March 7, 1993 incident.

Windom, associate director of the YMCA, testified that he supervised Evans on a daily basis. Windom stated that, approximately one week after the accident, Evans told him that he had hurt his back and leg. When Windom asked Evans how he hurt himself, Evans stated that he did not know.

James McFarland, a massage therapist who worked across the street from the YMCA, testified that he saw Evans shoveling snow on March 7, 1993. Approximately three days later, Evans sought treatment from McFarland. McFarland testified that Evans told him that he was shoveling snow and he felt a sharp pain.

3

Based upon this record, the deputy commissioner found that the testimony of Evans and McFarland was not credible. The deputy commissioner noted that although Evans described the alleged accident with great particularity at the hearing, he made no mention of it to Landergan or Windom. In addition, the medical care providers did not record a history of an identifiable incident. The deputy commissioner found that Evans related a history of feeling pain after shoveling snow for a period of time. Because the evidence proved, at best, that the injury was gradually incurred, the deputy commissioner found that Evans failed to prove an injury by accident arising of and in the course of his employment. On review, the full commission affirmed the deputy commissioner's findings and accepted his credibility determination.

It is well-settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether Evans sustained an injury by accident was entirely dependent upon the credibility of Evans and the witnesses. Based upon the lack of corroboration from Landergan, Windom, or the accident reports and medical records, of the happening of an identifiable incident, we cannot say as a matter of law that the commission erred in rejecting the testimony of Evans and McFarland, and finding that Evans failed to meet his burden of proving an injury by accident.

4

We find no merit in Evans' contention that the commission improperly relied upon hearsay to determine how the accident happened.  It is clear from the commission's opinion that it considered the medical records and accident reports as impeachment of Evans' testimony.  This is a permissible use of such evidence.  Moreover, the accident reports and medical information sheets were completed by Evans, and therefore, were not hearsay evidence.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>